Citation Nr: 1546233 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 05-33 133 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a left upper extremity (LUE) disability, including neurological impairment, to include as secondary to a left ring finger disability. 

2. Entitlement to a disability rating in excess of 10 percent for residuals of a traumatic brain injury (TBI). 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Veteran and Spouse



ATTORNEY FOR THE BOARD

L. J. Wells-Green, Counsel


INTRODUCTION

The Veteran served on active duty from August 1964 to July 1967. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of an August 2005 rating decision of the Cleveland, Ohio, Regional Office (RO) of the Department of Veterans Affairs (VA). The claim file was subsequently transferred to the RO in Waco, Texas. 

In August 2011, the Veteran and his wife testified at a Travel Board hearing at the RO before the undersigned Veterans Law Judge. 

In March 2012, the Board denied the Veteran's claim of service connection for posttraumatic stress disorder, as well as increased disability ratings for bilateral hearing loss and for a left ring finger disability, since November 15, 2010, and granted a 10 percent disability rating for a left ring finger disability prior to November 15, 2010. The Board remanded the claims for service connection for a LUE disability and for an increased disability rating for residuals of TBI for further development. 

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for a LUE disability, which he identifies as a left elbow disability, either as a result of an inservice injury or secondary to his service-connected left ring finger disability and/or resultant inservice surgery for such. 

In March 2012, noting current abnormal neurological findings, the Board remanded the case to obtain a VA examination and opinions regarding the etiology of the Veteran's current LUE disability. 

In compliance with the March 2012 Board remand, the VA examiner who conducted a December 2012 neurological examination provided medical opinions regarding whether the Veteran's currently diagnosed polyneuropathy of the left lower arm was caused by either his injury in service or his service-connected left ring finger disability. However, the examiner did not provide an opinion regarding whether it is as likely as not that the current LUE disability is permanently aggravated by the Veteran's service-connected left ring finger disability. See El-Amin v. Shinseki, 26 Vet. App. 136 (2013) (holding that the Board errs in relying on a medical opinion that only addresses whether a nonservice-connected claim is "related to" a service-connected disability and the opinion does not address whether the nonservice-connected disability is aggravated by a service-connected disability). Thus, another opinion should be obtained on remand. 

The March 2012 remand noted that service connection for tension headaches, anxiety and tinnitus had been granted in a March 1969 rating decision and that a 10 percent rating had been assigned under Diagnostic Code 8045 for TBI. The remand directed the Veteran be provided a VA examination to address the current residuals of TBI, particularly cognitive impairments, headaches (diagnosed as tension and migraine), tinnitus, and anxiety. 

The VA examiner who conducted the December 2014 examination, rather than address the current severity of the identified disabilities, reviewed the claims file and opined that there was no evidence of a TBI in service and that the prior December 2012 VA examination misdiagnosed the Veteran. The December 2014 VA examiner's determination that the Veteran had no TBI in service contrasts with the December 2012 VA examiner's findings, as well as multiple VA treatment records. Service connection for symptoms associated with his inservice injury has been in effect since October 1967. Given VA's failure to comply with the Board's March 2012 remand directives, the claim for an increased disability rating for residuals of a TBI, must again be remanded.

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination or examinations by appropriate medical professionals to determine the current nature and etiology of any LUE disability, found to be present. The entire claims file must be reviewed by the examiner. 

Based on review of all the evidence of record, the examiner must answer the following questions:

(a) Does the Veteran currently have any diagnosed LUE disability or residuals thereof? 

(b) If the answer is yes, is it at least as likely as not (i.e., probability of 50 percent or greater) that any currently diagnosed LUE disability, or residuals thereof, had its onset in service or is otherwise related to service, or any incident therein, to include the inservice left tendon release surgery? 

(c) If not, is it is at least as likely as not (a 50 percent or greater probability), that any currently diagnosed LUE disability or residuals thereof, was caused by or aggravated by his left ring finger disability or surgery for his left ring finger disability. 

If the examiner determines that the Veteran's LUE disability was aggravated by his service-connected disability, the baseline of the disability prior to aggravation must be specified, and the permanent, measurable increase in disability resulting from the aggravation. 

The VA examiner must comment on objective evidence of LUE neuropathy, and the Veteran's history of an injury to his left hand in service and symptoms he links to his inservice left hand surgery.

The examination report must include a complete rationale for all opinions expressed. 

2. Schedule the Veteran for a VA TBI examination by appropriate medical professional or professionals, for the purpose of identifying any and all current residuals of a TBI sustained in service, to include examination for psychiatric disorder, cognitive impairments, neurological impairments and other physical disabilities; and to determine the current severity of any such residuals. The entire claims file must be reviewed by the examiner. 

The examiner is to fully describe all symptomatology and functional deficits associated with the Veteran's service-connected residuals of TBI. 

The examiner is asked to specifically address the Veteran's complaints and report of various symptoms and impairment (cognitive, emotional/behavioral (psychiatric), and physical conditions (including headaches diagnosed as tension and migraine)) resulting from his TBI. 

The examiner must indicate the frequency, severity, or duration of any symptoms linked to TBI; and opine as to the extent to which the symptoms impact on the Veteran's ability to work.

The examination report must include a complete rationale for all opinions expressed. 

3. Finally, readjudicate the appeal. If the either of the benefits sought remains denied, issue a supplemental statement of the case (SSOC) and return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).